UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20472-CIV-HOEVELER

LARRY STEWART, WILLIAM MARVEL,
HARLEY McDOUGALL, ROBERT LEVY,
DAVID PUITTINEN, WILLIAM MEDLIN, and
JOHN RUDISILL, as Trustees of the SHEET
METAL WORKERS LOCAL UNION NO. 32
PENSION TRUST FUND, the SHEET METAL
WORKERS LOCAL UNION NO. 32 HEALTH &
WELFARE TRUST FUND, and the SHEET
METAL WORKERS LOCAL UNION NO. 32
JOINT APPRENTICESHIP AND TRAINING FUND,

**CLOSED CIVIL CASE**

    Plaintiffs,

v.

SOUTH FLORIDA SHEET METAL, INC.

    Defendant.
_____/

### ORDER GRANTING TRUSTEES' AMENDED MOTION
### FOR FINAL DEFAULT JUDGMENT

THIS CAUSE comes before the Court on the Trustees' Amended Motion for Final Default Judgment, filed June 10, 2013. A default was entered by the Clerk of the Court on March 20, 2013, as a result of Defendant's failure to respond to the complaint.

Trustees Larry Stewart, William Marvel, Harley McDougall, Robert Levy, David Puittinen, William Medlin, and John Rudisill, filed this case pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, alleging that Defendant has failed to make required payments to the Pension Trust Fund and Joint Apprenticeship and Training Funds. ERISA provides

employers with uniform standards to assure that any established employee benefit plan is administered in a fair and just manner. 29 U.S.C. § 1001. Employers are not required to offer a benefit plan to their employees; however, if one is offered, then employers are obligated to abide by ERISA standards. *Id.*

The Trustees claim that the Defendant has breached their agreement by failing to pay contributions to the Funds from April 8, 2012 to February 24, 2013, as directed in the collective bargaining agreement provisions.[1] The Trustees have attached to their complaint various reporting forms received from Anthony LaCorte, Defendant's office manager, which include weekly payroll calculations of monies owed to the Funds. As the Defendant has provided the Court with no evidence to contradict these allegations, the Court accepts these statements as sufficiently reliable.

According to Article VIII Section 15(b) of the collective bargaining agreement, contributions to the Funds shall be paid weekly for all hours worked by employees. (Compl. Ex. 1). Section 15(c) provides that an employer, who has any delinquent payments, will be required to pay a penalty of 10 percent (10%) of all amounts due. (Compl. Ex. 1). As a result of the breach, the Trustees claim the Defendant is delinquent in a total amount of $30,752.58 ($27,956.89 for delinquent contributions,

---

[1] In the Complaint, the Trustees claim that the Defendant breached their agreement when it failed to make payments to the Funds for payroll periods after April 30, 2012. (Compl. ¶10). However, in the amended motion for default judgment, the Trustees claim delinquent payments beginning on April 8, 2012. Since all documentation provided to the Court and all calculations begin with April 8, 2012 and the Defendant has not provided any evidence to prove otherwise, the Court will award payments from April 8, 2012 through February 24, 2013.

plus $2,795.69 for the late fee penalty). However, the Court has found some mathematical errors in the Trustees' calculations.[2] Therefore, the Court finds that the Defendant is liable in an amount equal to $30,643.29 ($27,857.54 for delinquent contributions, plus $2,785.75 for the late fee penalty). In addition, the Court grants counsel, D. Marcus Braswell, Jr., permission to file an appropriate motion in order to collect reasonable attorneys fees for the hours expended on this matter pursuant to S.D. Fla. L.R. 7.3.

---

[2] According to the reporting forms, the Court's calculations for the Defendant's delinquent contributions are as follows:
April 8, 2012 – April 29, 2012:
$945.73 + $1,165.42 + $811.26 + $900.45 = *$3,822.86*
May 5, 2012 – May 27, 2012:
$1,113.76 + $1,040.83 + $789.82 + $928.41 = *$3,872.82*
June 3, 2012 – July 1, 2012:
$1,027.13 + $996.30 + $943.89 + $641.83 + $879.17 = *$4,488.32*
July 8, 2012 – July 28, 2012:
$719.64 + $963.51 + $843.63 + $710.51 = *$3,237.29*
August 5, 2012 – September 2, 2012:
$981.28 + $702.77 + $507.20 + $715.34 + $355.41 = *$3,262.00*
September 9, 2012 – September 30, 2012:
$332.92 + $343.10 + $382.31 + $536.98 = *$1,595.31*
October 7, 2012 – October 28, 2012:
$359.82 + $281.11 + $354.20 + $449.77 = *$1,444.90*
November 4, 2012 – December 2, 2012:
$531.20 + $547.92 + $385.03 + $269.86 + $520.56 = *$2,254.57*
December 9, 2012 – December 30, 2012:
$331.78 + $441.85 + $359.82 = *$1,133.45*
January 6, 2013 – January 27, 2013:
$277.30 + $342.95 + $163.04 + $449.77(no date on form) = *$1,183.06*
February 3, 2013 – February 24, 2013:
$416.04 + $393.55 + $393.55 + $359.82 = *$1,562.96*
TOTAL: $27,857.54
The collective bargaining agreement provides that the Defendant must pay a 10% penalty on all of the monies owed; therefore, Defendant owes $2,785.75 in penalties ($27.857.54 x 10% = $2,785.75).

Based on the above, it is

ORDERED AND ADJUDGED that Final Default Judgment be entered in favor of the Plaintiffs and against the Defendant, in the total amount of thirty thousand six hundred forty three dollars and twenty-nine cents ($30,643.29), for which sum let execution issue.

DONE AND ORDERED in Chambers in Miami, Miami-Dade County, Florida, this 18th day of July, 2013.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

copies to:
    counsel of record
    South Florida Sheet Metal, Inc.